IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STREET STAR DESIGNS, LLC,          §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §          CIVIL ACTION NO. H-11-0915
                                   §
M. ALAN GREGORY and                §
BAGGER CONCEPTS,                   §
                                   §
        Defendants.                §

MEMORANDUM AND ORDER

Pending are Plaintiff Street Star Designs, LLC's Motion for
Preliminary Injunction (Document No. 2), Defendant M. Alan Gregory
d/b/a Bagger Concepts' Motion to Dismiss (Document No. 7), and
Gregory's Motion to Strike and Sur-Reply to Plaintiff's Untimely
Filings (Document No. 30). Having considered the motions,
responses, reply, the parties' additional briefing, and the
applicable law, the Court concludes that Plaintiff's claims must be
dismissed without prejudice.

I.   Background

The true nature of this dispute is an internal falling-out
among Street Star, LLC's ("Street Star") two husband-and-wife pairs
of members: Jamey and April Joseph on the one side, and M. Alan and
Tracey Gregory on the other.[1]  Street Star sold a motorcycle audio

---

[1] See Document No. 10, ex. C at 2.

system marketed under the trademarked name "Loud Lids."  The system was and continues to be protected by United States Patent No. D603,760, which lists Gregory as the inventor and Street Star as the assignee of all rights.  Street Star marketed its products through a website, www.streetstardesigns.com, which used various copyrighted graphical representations, pictures, and written product descriptions for advertising.[2]  Although each side blames the other, both agree that there was a falling out sometime in early 2009.  In its complaint, Street Star asserts that Gregory and his alter-ego Bagger Concepts are infringing its intellectual property rights by marketing substantially the same patented products, using Street Star's trademark and copyrights, and seeks a preliminary injunction of those activities.[3]

The Gregorys assert that they never assented to Street Star's filing of this suit, and Gregory therefore moves to dismiss this action under Rule 12(b)(6),[4] contending that Street Star is not

---

[2] *See* Document No. 1 at 4-5 (Orig. Cmplt.).

[3] *See* id. at 5-8; according to Gregory, Mr. Joseph also formed a new company--called Loud Lids, LLC--with Street Star's former accountant, and is also marketing the patented product using Street Star's trademark and copyrights.

[4] Gregory makes an additional argument to dismiss for want of standing under Rule 12(b)(1), but his challenge to Street Star's authorization to sue is more akin to a "capacity" argument than a "standing" argument.  *Cf.* Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 823 F.2d 466, 477 (11th Cir. 1987) (noting that the defendant's argument "that the [plaintiff] is not contractually authorized . . . to bring suit" was "arguably more akin to 'capacity' to sue rather than 'standing'"); *see also* Am. Postal

authorized to pursue this action on the approval of only the Josephs, who are just two of its four managing members.

Because Gregory's motion requires consideration of matters beyond the pleadings, such as the Gregory affidavits attached to his motion, establishing that the Gregorys did not approve Street Star's filing or pursuit of this action,[5] "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).[6] The Court so advised both parties at the July 22, 2011 Rule 16 Scheduling Conference, and allowed both parties fourteen days to "present any supplemental material and briefing" for the Court's consideration of Gregory's motion as one for summary judgment.

---

Workers Union of Los Angeles, AFL–CIO v. U.S. Postal Serv., 861 F.2d 211, 213-14 (9th Cir. 1988) (noting same); Am. Postal Workers Union v. U.S. Postal Serv., 222 F. Supp. 2d 675, 681 (E.D. Pa. 2002) (same).

[5] *See* Document No. 7, exs. A, C.

[6] *See also* FED. R. CIV. P. 9(a) (stating that a party need not plead its "capacity to sue or be sued," and further requiring a party raising an issue of capacity to "do so by a specific denial"). Generally, "[w]hat constitutes an effective denial of capacity, authority, or legal existence creates an issue of fact," unless the lack of capacity is "framed on the face of the pleadings." 5A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1294, at 23 (3d ed. 2004); *cf.* Klebanow v. N.Y. Produce Exch., 344 F.2d 294, 296 n.1 (2d Cir. 1965) (Friendly, J.) ("Although the defense of lack of capacity is not expressly mentioned in rule 12(b), the practice has grown up of examining it by a 12(b)(6) motion when the defect appears upon the face of the complaint." (collecting cases)).

Gregory timely filed his Brief in Support of Summary Judgment (Document No. 27), together with a number of exhibits.  Street Star filed no supplemental material or briefing within the time allowed, which expired August 5, 1011.[7]  Then, on August 8, 2011--seventeen days after the Court's order and without first seeking leave of Court--Street Star filed a First Amended Complaint (Document No. 28), purporting to add as new plaintiffs Jamey and April Joseph, individually and derivatively on behalf of Street Star.  Street Star and the Josephs on the same day also filed a Brief in Opposition to Defendants' Motion for Summary Judgment (Document No. 29).  Gregory moves to strike both the amended complaint and the brief.[8]

## II.  First Amended Complaint

As observed above, both parties were given fourteen days from July 22, 2011 to file "*any* supplemental material and briefing," on

---

[7] *See* Document No. 25 (Minute Entry Order).  The Josephs and Street Star mistakenly argue that the fourteen day period should be counted from the electronic docketing of the minute Order of the Rule 16 Scheduling Conference.  *See* Document No. 31 at 3.  The minute Order only records what the Court ordered verbally on July 22, 2011--that the parties had fourteen days to file any supplemental material--and the date that it was electronically entered is irrelevant.  It was the Court's verbal order allowing fourteen days declared then and there on July 22, 2011 (as shown on the minute Order itself) that triggered the period for filing.  *Cf.* FED. R. CIV. P. 6(a)(1) (explaining that time limits expressed in days are counted excluding "the day of the event that triggers the period").

[8] Document No. 30.

Defendants' Motion to Dismiss, which had been converted into a Motion for Summary Judgment.  No leave was granted to file an amended complaint.  Rule 15 requires "the opposing party's written consent or the court's leave" to file an amended pleading more than 21 days after serving the original pleading, or more than 21 days after service of a responsive pleading or Rule 12(b) motion.[9]

---

[9] Despite the Josephs' and Street Star's contention, Gregory's re-urging of his motion to dismiss for lack of standing under Rule 12(b)(6) in his supplemental briefing did not reset the 21-day period provided by Rule 15 for filing amended pleadings as of right.  As the comments to Rule 15 make clear, "the right to amend once as a matter of course *terminates* 21 days after service of a motion under Rule 12(b) . . . ."  FED. R. CIV. P. 15 (Advisory Committee Note, 2009 Amendments) (emphasis added).  Street Star and the Josephs cite no authority for the proposition that a subsequent re-urging of the 12(b) motion would revive the already-terminated right to amend without leave, and the Court is aware of none.  Further, so holding would undermine the purpose of Rule 15(a), which is to "force the pleader to consider carefully *and promptly* the wisdom of amending to meet the arguments in the motion."  Id. (emphasis added).  Here, there are no new arguments raised respecting the basis for dismissal advanced in Gregory's supplemental briefing, and rather than amending its complaint, Street Star filed a response to those arguments when they were originally made.  *See* Document No. 18.  Furthermore, Rule 15(a) permits amendment of right in the analogous situation where a defendant files both a Rule 12 motion to dismiss *and* a responsive pleading only within 21 days of the *earlier* of the two filings.  FED. R. CIV. P. 15(a)((1)(B).  "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."  Id. (Advisory Committee Note, 2009 Amendments).

Likewise, the Scheduling Order with a deadline for adding new parties does not provide a shortcut around Rule 15(a).  Instead, the scheduling order deadline simply does not require a showing of good cause, as would be necessary for amendments sought to be filed after the time provided in the scheduling order.  *See* Limon v. Berryco Barge Lines, L.L.C., No. No. G-07-0274, 2010 WL 1956722, at *1 (S.D. Tex. May 14, 2010) (Rosenthal, J.) (applying Rule 15(a) standard to request to amend pleadings filed before the deadline

Street Star and the Josephs did not seek leave of Court, nor Gregory's consent, to file their First Amended Complaint (Document No. 28), and it is therefore STRICKEN.[10]

---

"to amend pleadings and add new parties," and noting that the effect of the pre-deadline motion for leave was that "good cause need not be shown to obtain leave to amend").

[10] Even had Street Star moved for leave to file its proposed First Amended Complaint, the motion would have been denied under these circumstances, where the Josephs and Street Star attempt to change the fundamental nature of their complaint after multiple rounds of briefing, including conversion to a motion for summary judgment and Gregory's submission of his brief in support of summary judgment. *Cf.* Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999) (noting that "we more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment," and finding no abuse of discretion in denying a motion to amend a complaint that "would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues").

Additionally, the Josephs--who in fact represented solely themselves--were not persons that could "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association," and hence could not maintain a derivative action. FED. R. CIV. P. 23.1(a). Further, Gregory alleges that the Josephs themselves formed a new company with Street Star's former accountant and that this new entity is infringing Street Star's patented product and using Street Star's trademarks and copyrights, which would be a fatal impediment to the Josephs being able fairly and adequately to represent the interests of Street Star's members.

With respect to the Josephs' individual claims, all factual allegations in both the original and amended complaint, as well as the attachments to complaints, show that the intellectual property rights belong to Street Star Designs, LLC, as distinct from the Josephs individually, leaving them without standing to assert those claims individually. *See, e.g.*, Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (noting that a plaintiff must prove, *inter alia*, "ownership of a valid copyright" to establish a prima facie case of copyright infringement); IP Innovation L.L.C. v. Google, Inc., 661 F. Supp. 2d 659, 663 (E.D. Tex. 2009) ("Only a patentee has standing to bring a suit for patent infringement in

III.  <u>Original Complaint</u>

The fundamental issue in dispute is whether Joseph has capacity to bring this suit in the name of Street Star.  Street Star's certificate of formation states that it has no managers,[11] its four members comprise its governing authority and they must manage Street Star pursuant to the Business Organizations Code. TEX. BUS. ORG. CODE ANN. §§ 101.251(1), 101.252.[12]  The members may take action with or without a meeting, and such action is effective if taken by "an affirmative vote" of the number of members that would be required to approve the action at a meeting of all members entitled to vote, or by "consent of each member."  <u>Id.</u> § 101.359. A majority vote "of all of the company's governing persons" is required for the company to take an action "not apparently for carrying out the ordinary course of business of the company."  <u>Id.</u> § 101.356(b).  By the same token, each governing person is an agent of the company "for purposes of carrying out the company's

_____

its own name."); <u>Multimin USA, Inc. v. Walco Int'l, Inc.</u>, No. 4:06-CV-260-A, 2007 WL 1686511, at *4-5 (N.D. Tex. June 8,2007) (holding that a plaintiff, who was neither owner nor assignee of a mark, lacked standing to sue under sections 1114(1) or 1125(c) of the Lanham Act, or analogous Texas law).

[11] Document No. 10 at 2.

[12] "Although plaintiffs assert federal claims, this and similar matters of internal corporate power are in the first instance controlled by state law."  <u>Clark v. Lomas & Nettleton Fin. Corp.</u>, 625 F. 2d 49, 52 n.3 (5th Cir. 1980) (citing <u>Burks v. Lasker</u>, 99 S. Ct. 1831, 1836-38 (1979)).  Both parties cite solely to Texas law in support of their respective positions.

business," and an agent's act "for the purpose of apparently carrying out the ordinary course of business of the company . . . binds the company." Id. § 101.254(a), (b). There was neither unanimous consent nor a majority vote of Street Star's four members to authorize this litigation.[13] Accordingly, whether one or both of the Josephs could direct the action of filing this suit on behalf of Street Star depends upon whether the filing of this suit falls within Street Star's "ordinary course of business."

Because the Code provides no special definition for "the ordinary course of business," its plain meaning is presumed. Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). Black's Law Dictionary defines both "ordinary course of business" and "course of business" as: "The normal routine in managing a trade or business." BLACK'S LAW DICTIONARY 356 (7th ed. 1999). A "routine," in turn, is "a regular course of procedure," or the "habitual or mechanical performance of an established procedure." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY at 1027 (1990). Here, there is no evidence or allegation from which the Court could reasonably infer that the filing of a lawsuit--much less a suit to enforce intellectual property rights against one-half of the owners/ managers of Street Star itself--falls within the routine or ordinary course of Street Star's business so as to make it the

---

[13] See Document No. 7, exs. A, C (Affidavits of M. Alan and Tracey Gregory).

equivalent to the "habitual or mechanical performance of an established procedure." Id.

Although neither party cites any authority interpreting these provisions as they apply to limited liability companies, and the Court is aware of none, its finds guidance in analogous Texas case law regarding the inherent authority of a corporation's president to bind the corporation in "routine matters arising in the ordinary course of business." Kiepfer v. Beller, 944 F.2d 1213, 1218 (5th Cir. 1991) (citing Capital Bank v. Am. Eyewear, Inc., 597 S.W.2d 17, 20 (Tex. Civ. App.--Dallas 1980, no writ)); see also Harrison v. City of San Antonio, 695 S.W.2d 271, 275 (Tex. App.--San Antonio 1985, no writ) ("A president of a corporation, merely by virtue of the office, has no inherent power to bind the corporation except as to routine matters arising in the ordinary course of business." (citing Templeton v. Nocona Hills Owners Ass'n, Inc., 555 S.W.2d 534, 538 (Tex. Civ. App.--Texarkana 1977, no writ))). For example, in Square 67 Development Corp. v. Red Oak State Bank, the plaintiff corporation's action was dismissed because its attorney was unable to point to any authority to prosecute the suit on behalf of the corporation other than his employment by the corporation's president. 559 S.W.2d 136, 137-38 (Tex. Civ. App.--Waco 1977, writ ref. n.r.e.). The court held that, under the Business Corporations Act, a corporation's president is "not authorized to employ an attorney to conduct litigation for the company absent express

9

authority or implied authority . . . set forth in the bylaws or by proper action of the board of  directors." <u>Id.</u> at 138.

In sum, the Josephs lack authority to direct the filing and prosecution of this action in Street Star's name because such activity is not within the ordinary course of Street Star's business.[14]  Accordingly, the Court concludes that Street Star's suit was not properly authorized so as to constitute an action by the limited liability company, and it therefore must be dismissed without prejudice.[15]  It is therefore

---

[14] Indeed, adopting Joseph's characterization of litigation as part of Street Star's "ordinary course of business" would lead to the odd result that Gregory, an equal member of Street Star, could direct the dismissal or settlement of this suit.

[15] Dismissal without prejudice is appropriate here.  Analogous Texas case law demonstrates that a corporation's "acts" undertaken without authority are nullities.  <em>See, e.g.,</em> <u>Capital Bank</u>, 597 S.W.2d at 21 ("[W]e hold that the document in question is not a valid lease because there is no proof of the president's authority to execute it on behalf of the bank.").  Moreover, although this dismissal results from a motion to dismiss converted into a motion for summary judgment, that does not preclude dismissal without prejudice.  <em>See</em> <u>Dillon v. Rogers</u>, 596 F.3d 260, 272 (5th Cir. 2010) ("In this circuit, . . . we have frequently approved of using summary judgment to address exhaustion and other affirmative defenses not enumerated in Rule 12(b)."); <em>cf.</em> <u>Mitchell v. Cont'l Airlines, Inc.</u>, 481 F.3d 225, 227, 232 (5th Cir. 2007) (approving dismissal of a Railway Labor Act suit without prejudice on summary judgment for failure to exhaust non-judicial remedies in a collective bargaining agreement); <em>cf. also</em> <u>Pike Cnty. Citizens United for Justice v. Oxy USA, Inc.</u>, 182 F.3d 918, 1999 WL 435174, at *4-5 (6th Cir. June 18, 1999) (unpublished op.) (affirming dismissal without prejudice of a plaintiff due to lack of standing and, in the alternative, lack of capacity); <u>RehabCare Group E., Inc. v. Camelot Terrace, Inc.</u>, No. 10 CV 02350, 2010 WL 5174369, at *2, 5 (N.D. Ill. Dec. 5, 2010) (dismissing claims without prejudice due to want of capacity).

ORDERED that Defendant M. Alan Gregory d/b/a Bagger Concepts' Motion to Dismiss (Document No. 7), converted to a Motion for Summary Judgment, is GRANTED, and Plaintiff Street Star Designs, LLC's claims are DISMISSED WITHOUT PREJUDICE.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas on this 7th day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

11